UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

ROBERT KING,

      Plaintiff,                                     CASE NO.:

Vs.                                                       HON.:

WADE McCREE, in his individual
capacity, and GENIENE La'SHAY MOTT,
in her individual capacity, jointly and severally.
_____/

**JOEL B. SKLAR P38338**
Attorney for Plaintiff
615 Griswold, Suite 1116
Detroit, MI 48226
313-963-4529
Joelb79@hotmail.com
_____/

**COMPLAINT AND JURY DEMAND**

      Plaintiff Robert King, by and though his attorney Joel B. Sklar, files this action against Defendants Wade McCree and Geniene La'Shay Mott and says:

1. This lawsuit arises out of the wrongful deprivation of liberty and denial of due process which was conceived of, effectuated and implemented by Defendants, who were involved in a secret sexual relationship. The Defendants intentionally and knowingly violated and deprived Plaintiff of his *Fourteenth Amendment* and *Fifth Amendment* due process rights.

2. This Court has jurisdiction of Plaintiff's constitutional claims under, and pursuant to, 42 USC §1983, 42 USC § 1985, 28 USC §1343 and 28 USC §1331. Venue lies in the Eastern District of Michigan pursuant to 28 USC §1391(b).

3. Plaintiff Robert King is an individual who resides in the Clinton Twp., Macomb County, Michigan which is located in this District.

4. Defendant Wade McCree is an individual who resides and transacts business in the City of Detroit, Wayne County, Michigan where he serves as a Wayne County Circuit Court Judge, which court is located in this District. Defendant Wade McCree is being sued in his individual capacity.

5. Defendant Geniene La'Shay Mott is an individual who resides in the City of Detroit, Wayne County, Michigan which is located in this District. Defendant Geniene La'Shay Mott conspired with Wade McCree to violate Plaintiff's clearly established *Fourteenth and Fifth Amendment* constitutional rights and is being sued in her individual capacity.

6. Defendant McCree's initiation, cultivation and continuation of a sexual relationship with Defendant Mott while he presided over a case in which Plaintiff was a party and Mott a complaining witness is not a judicial function or act normally performed by a judge.

7. Defendant McCree engaging in ex parte communications, engaging in sex with Defendant Mott in exchange for Mott receiving favor from the court at the expense of Plaintiff's due process and liberty rights is not a judicial function or act normally performed by a judge.

8. Once Defendant Mott engaged in sex with Defendant McCree neither she nor Plaintiff was dealing with McCree in his judicial capacity. Instead, all parties were dealing with McCree as Mott's sexual partner.

9. Defendant Wade McCree is not entitled to judicial immunity because he was engaged in non-judicial acts when he intentionally and knowingly violated Plaintiff's *Fourteenth* and *Fifth Amendment* constitutional due process rights in exchange for sex with Defendant Mott.

10. Both Defendants were acting under color of law when they knowingly and intentionally conspired to violate and deprive Plaintiff of his *Fourteenth* and *Fifth Amendment* constitutional due process rights.

11. Neither Defendant is entitled to qualified immunity because any reasonable state actor would know that violating Plaintiff Robert King's clearly established *Fourteenth* and *Fifth Amendment* due process rights in the manner described in this Complaint was clearly unreasonable.

12. The amount in controversy exceeds the jurisdictional limit of this Court.

**COMMON ALLEGATIONS**

13. Plaintiff Robert King re-alleges paragraphs 1 through 12 word for word.

14. Plaintiff Robert King and Defendant Geniene La'Shay Mott are the biological father and mother of a now six year old child.

15. Plaintiff Robert King was obligated to make child support payments to Defendant Mott.

16. Plaintiff Robert King was in arrears and a warrant was issued for felony non-support and the matter was assigned to Defendant McCree and entitled *People of the State of Michigan vs. Robert King,* being Case No. 12-3141.

17. On May 21, 2012, a pre-trial hearing concerning overdue child support payments for the minor child was conducted in Defendant McCree's courtroom.

18. Plaintiff King appeared for the May 21, 2012 pre-trial hearing before Defendant McCree.

19. Defendant Mott was the complaining witness in the above referenced case and was present in the courtroom.

20. The case was one of the two last matters called.

21. Defendant McCree noted on the record that he was aware of Defendant Mott's presence in the courtroom throughout the morning.

22. Acting on his sexual impulse and desire, Defendant McCree began to flirt with Mott and Mott, for her own purposes, reciprocated by flirting with McCree.

23. Alone in the courtroom, following the hearing, Defendants spoke with each other ex parte and soon thereafter began a sexual relationship.

24. Over the months that followed, Defendants' sexual relationship rapidly intensified.

25. Among other things, Defendants' illicit relationship involved outings and sexual trysts in various locations including Defendant McCree's judicial chambers.

26. During these secret sexual liaisons, and at other times, Defendants discussed how to pressure and obtain larger and more immediate child support payments from Plaintiff at an upcoming child support review hearing, including incarcerating or tethering Plaintiff until he paid the money demanded by Mott.

27. Defendant McCree had an administrative obligation and duty to disclose his unethical, improper and inappropriate sexual relationship with Mott to the proper administrative agencies including the Wayne County Circuit Court, the State Court Administrator's Office and/or the Michigan Judicial Tenure Commission but chose

not do so because he wanted to use his judicial office to provide Mott with favorable rulings for his sexual gratification.

28. Defendant McCree recognized the impropriety of his communications and sexual relationship with Mott and told her, "Naturally if it got out that we were seeing each other before your B.D.'s [referring to Plaintiff as the "Baby's Daddy"] case closed everybody could be in deep shit." This concern was heightened because Defendant McCree was under investigation by the Judicial Tenure Commission for having sent a female court employee a semi-nude picture of himself.

29. For their mutual benefit, therefore, Defendants agreed to keep their ex parte communications and sexual relationship secret.

30. As part of their ex parte communications, Defendants discussed and agreed how Defendant McCree could pressure Plaintiff to come up with higher more immediate child support payments at the upcoming August 16, 2012 case review hearing, thus rendering the hearing a complete sham.

31. Defendant McCree knowingly, intentionally and willingly determined to engage in the pretense of being a neutral, detached and impartial judge and in fact did so.

32. Defendant McCree did not act upon his own convictions but rather, his actions were dictated by his prurient whims and desires for sexual gratification.

33. After Defendants agreed how McCree would pressure Plaintiff, Defendants planned having sex immediately after the August 16, 2012 sham hearing and in fact did so.

34. On August 16, 2012, a case review hearing was held by Defendant McCree, with Defendant Mott and Plaintiff in attendance.

35. Neither Defendant disclosed to anyone the nature or scope of their ex parte communications concerning Plaintiff or their on-going sexual relationship.

36. Defendant McCree, as he had when Plaintiff believes he first saw Defendant Mott on May 21, 2012, called Plaintiff's case last.

37. Unbeknownst to Plaintiff, the August 16, 2012 hearing was a sham as Defendants had already agreed that Defendant McCree would intentionally violate Plaintiff's civil rights and liberties and place him on an electronic thereby restricting his freedom until he paid Mott the money she and McCree had predetermined.

38. At this sham hearing, Defendant McCree ordered Plaintiff placed on a tether until he paid Defendant Mott the sums of money she and McCree had agreed to.

39. Immediately after this sham hearing, Defendants retired to McCree's judicial chambers and engaged in sexual intercourse, as they had done many times before.

40. As a product of their illicit sexual relationship, Defendant Mott became pregnant with the child of Defendant McCree.

41. Defendant McCree electronically communicated to Defendant Mott that he (and McCree's wife) wanted the pregnancy terminated and offered Mott whatever she wanted if she would terminate the pregnancy.

42. When Defendant Mott refused, Defendant McCree contacted the Wayne County Prosecutor's Office to have Mott charged with a crime or crimes believed to be that of extortion, stalking or some other false, contrived criminal offense.

43. Defendant McCree, however, intentionally failed to disclose his unethical, illegal, inappropriate and possibly criminal sexual relationship with Defendant Mott to the Wayne County Prosecutor's Office or the fact that he had impregnated her.

44. The Wayne County Prosecutor's Office declined to pursue the matter.

45. When Defendant Mott learned that Defendant McCree had contacted the Wayne County Prosecutor's Office to accuse her of criminal conduct, she contacted the media to disclose the ex parte communications and sexual relationship with McCree, detailed the hidden conspiracy to pressure Plaintiff as described above, produced text messages and other evidence which corroborated the conspiracy.

46. On or about December 6, 2012, Plaintiff learned of the outrageous and illegal acts of Defendants when Fox News Investigative Reporter, Charlie LaDuff, contacted Plaintiff for a comment.

47. Plaintiff was shocked, dismayed and mortified when he learned of Defendants' ex parte communications, their sexual relationship, and their conspiracy to deprive him of his civil liberties and due process of law.

## COUNT I:

### DEFENDANT WADE McCREE'S VIOLATION OF PLAINTIFF'S *FOURTEENTH AMENDMENT* DUE PROCESS RIGHTS PURSUANT TO 42 USC § 1983

48. Plaintiff realleges paragraphs 1 through 47 as though set forth word for word.

49. At all times herein, Defendant McCree was acting under color of law.

50. The *Fourteenth Amendment* to the United States Constitutions guarantees all citizens with due process of law.

51. The *Fifth Amendment* guarantees persons accused of criminal wrongdoing with due process.

52. A fundamental purpose of the *Due Process Clause* of the *Fourteenth and Fifth Amendment* is the guarantee that a defendant's rights will be adjudicated before a fair, impartial, detached and neutral judiciary.

53. Plaintiff's *Fourteenth* and *Fifth Amendment* rights to due process were clearly established during the period that Defendant McCree knowingly, illegally and intentionally violated Plaintiff's *Fourteenth and Fifth Amendment* due process rights when Defendant McCree engaged in the following non-judicial acts:

    a. Having a covert sexual relationship with a complaining witness in a matter before him, in this case Defendant Mott—the mother of Plaintiff's child, for his own sexual gratification and at the expense of Plaintiff's civil liberties and the right of due process.

    b. Having numerous ex parte communications with his sexual partner, Defendant Mott, on how to pressure Plaintiff to make higher and more immediate child payments.

    c. Conspiring with Defendant Mott to place Plaintiff on a tether and deprive him of his liberty in order to pressure Plaintiff to make higher and more immediate child support payments.

    d. Conducting a sham hearing in violation of Plaintiff's constitutional due process rights.

    e. Making the administrative decision to conceal from the appropriate governmental bodies what McCree knew to be an unethical, illegal and entirely inappropriate relationship with Defendant Mott because Defendants,

in the words of Defendant McCree "…could be in deep shit" if the relationship ever came to light.

    f. Conceiving of and implementing a plan to violate Plaintiff's *Fourteenth and Fifth Amendment* constitutional rights for his sexual gratification.

    g. Engaging in the non-judicial acts described herein and others likely to be discovered during the litigation of this matter.

54. Defendant McCree is not entitled to judicial immunity because his unethical, unlawful and possibly criminal activities as described herein and which culminated in the violation of Plaintiff's *Fourteenth Amendment* and *Fifth Amendment* constitutional rights were non-judicial acts and not the normal functions performed by a judge.

55. Defendant McCree is not entitled to qualified immunity because any state actor would know that the violation of Plaintiff's clearly established *Fourteenth* and *Fifth Amendment* due process constitutional rights was clearly unreasonable.

56. As a direct and proximate result of Defendant McCree's violation of Plaintiff's *Fourteenth and Fifth Amendment* constitutional rights, Plaintiff has suffered shock, outrage, embarrassment, humiliation, mortification, emotional distress, pain and suffering, deprivation of his personal liberty, and other non-economic and economic losses which are continuing in nature.

## COUNT II:

**DEFENDANT MCCREE AND MOTT'S CONSPIRACY TO VIOLATE PLAINTIFF'S *FOURTEENTH AND FIFTH AMENDMENT* CONSTITUTIONAL RIGHTS PURSUANT TO 42 USC § 1983 AND 42 USC § 1985**

57. Plaintiff realleges paragraphs 1 through 56 word for word.

58. Defendant Mott conspired with Defendant McCree to violate and deprive Plaintiff of his *Fourteenth* and *Fifth Amendment* constitutional rights to due process and is, therefore, subject to liability under 42 USC § 1983 and/or 42 USC § 1985.

59. As described above, Defendant Mott conspired with Defendant McCree to violate Plaintiff's constitutional rights so she would receive favorable rulings from the court in exchange for having sex with Defendant McCree.

60. Plaintiff's *Fourteenth and Fifth Amendment* due process rights were clearly established at the time Defendant Mott and her co-conspirator, Wade McCree, violated Plaintiff's constitutional rights.

61. Defendant Mott is not entitled to qualified immunity because any state actor would know that violating Plaintiff's constitutional rights as set forth in this Complaint was clearly unreasonable.

62. As a direct and proximate result of Defendants' violation of Plaintiff's *Fourteenth* and *Fifth Amendmen*t constitutional rights, Plaintiff has suffered shock, outrage, embarrassment, humiliation, mortification, emotional distress, pain and suffering, deprivation of his personal liberty, and other non-economic and economic losses.

## RELIEF REQUESTED

**PLAINTIFF REQUESTS** that this Court enter a judgment against Defendants, jointly and severally, as follows:

1. Legal relief:
    a. a judgment for compensatory damages in whatever amount he is found to be entitled

    b.  punitive and exemplary damages as allowed by law

    c.  an award of interest, costs and statutory attorney fees

    d.  All other relief contemplated and authorized by 42 USC §§ 1983, 1985 and 1988.

  2.  Equitable relief:

    a.  an injunction prohibiting any acts of retaliation by Defendants

    b.  an award of interest, costs, and reasonable attorney fees

    c.  Whatever other equitable relief appears appropriate at the time of trial.

Dated: 2/11/13           /s/ Joel B. Sklar

              JOEL B. SKLAR P38338
              Attorney for Plaintiff
              1116 Ford Building
              615 Griswold
              Detroit, MI 48226
              313-963-4529

## JURY DEMAND

Plaintiff demands a jury trial of this cause of action.

Dated: 2/11/13           /s/ Joel B. Sklar

              JOEL B. SKLAR P38338
              Attorney for Plaintiff
              1116 Ford Building
              615 Griswold
              Detroit, MI 48226
              313-963-4529